UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JLM COUTURE, INC.

                               Plaintiff,                        Civil Action No.

                -against-

                                                       **COMPLAINT**

FORMOSA SUNRISE CORPORATION;
d/b/a HOUSE OF WU
                              Defendants.
---------------------------------------------------------------

        Plaintiff JLM Couture, Inc. ("JLM"), by its attorneys Craco & Ellsworth, LLP, as and for its Complaint alleges on knowledge as to its own acts and otherwise upon information and belief as follows:

## NATURE OF THE ACTION

        1.     This is an action for trademark infringement, unfair competition, false advertising, and dilution in violation of the laws of the United States and the State of New York. JLM seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

        2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338 and 1367. JLM's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1114, 1125 et seq., and the common law of the State of New York and New York General Business Law §360. Venue is properly founded in this district pursuant to 28 U.S.C. §§ 1391 (b)(2) and (c)(2).

## THE PARTIES

        3.     Plaintiff, JLM, is a publically traded corporation formed and existing under the laws of the state of Delaware, with its principal place of business at 225 West 37th

Street, New York, New York 10018. JLM was formed in 1986 as Jim Hjelm's Private Collection, Ltd. The company's name was changed to JLM in 1997.

4. Defendant Formosa Sunrise Corporation d/b/a *House of Wu* is a corporation formed and existing under the laws of the state of Florida with its headquarters located at 1475 Technology Court, Fort Meyers, Florida, ("House of Wu"). House of Wu sells its products throughout the United States, including in New York State.

## BACKGROUD

5. JLM designs and manufactures high-end, and/or "couture" wedding gowns, bridesmaid dresses and evening wear. JLM markets its fashions under its well-known and highly regarded JIM HJELM®, LAZARO®, ALVINA VALENTA®, and TARA KEELY® trademarked brands.

6. JLM's high quality bridesmaid dresses, bridal party fashions and evening wear are marketed and sold under the trademarked brands; JIM HJELM OCCASIONS®, OCCASIONS®, LAZARO®, and ALVINA VALENTA®.

7. JLM's collections are leaders in the market for fine bridal gowns, bridesmaid dresses, and bridal party fashions.

8. JLM garments are assembled in the United States and sold through carefully selected specialty retailers and fine department stores throughout the United States and Europe.

9. The company's OCCASIONS® bridesmaid and bridal party lines were carried in 530 stores across the country, as well as in 184 stores in Europe.

10. JLM's net sales have exceeded $20,000,000 for each of the last twelve years, with more than 35% of such revenues attributable to its OCCASIONS® brands.

11. JLM has spent millions of dollars to advertise and promote its OCCASIONS® brands.

12. Defendant, House of Wu, sells lower to moderate priced bridal gowns and bridesmaid dresses under various brand names, including "Christina Wu Occasions".

13. Defendant's goods are sold in retail stores located around the United States and are typically priced below those sold by JLM. The parties' garments are, in some cases, sold in the same retail stores. (A copy of Overlapping retailers is annexed as Exhibit A).

## JLM'S TRADEMARKS

14. JLM is the owner of the JIM HJELM OCCASIONS® trademark, Registration No. 1961002, and OCCASIONS® trademark, Registration No. 2879859, for bridal apparel and accessories and bridal party dresses. (A copy of the Registration Certificate for the OCCASIONS® trademarks are annexed hereto as Exhibit B.)

15. JLM began using the OCCASIONS® mark to identify its bridesmaid and bridal party gowns in 1994, and continues to use the mark in conjunction with its JIM HJELM® master brand. The marks have been used in commerce, exclusively for 19 years, in the case of Jim Hjelm Occasions and 11 years in the case of "Occasions". (Examples of JLM's various commercial uses of its OCCASIONS® trademark are annexed hereto as Exhibit C).

16. JLM's OCCASIONS® collections are comprised of four lines of bridesmaid dresses, including Bridesmaid, Junior Bridesmaid, Flower Girl, and Maternity. The OCCASIONS® collections are made with superior workmanship in materials.

17. As a testament to the collections' prominence in the industry, the Distinctive Excellence in the Bridal Industry (DEBI) award was awarded to the designer of the

JIM HJELM OCCASIONS® Collections in the category of "best style" bridesmaid's gowns in 2004, 2005, and 2008.

18. JLM's OCCASIONS® brand is one of the three largest selling brands of bridesmaid and bridal party apparel in the United States and Europe.

19. As a result of JLM's multi-million dollar investment in designing, producing, advertising and marketing the brands, the JIM HJELM OCCASIONS® and the OCCASIONS® trademarks are identified for a distinctive quality associated exclusively with the JLM and its goods.

20. The OCCASIONS® marks have acquired secondary meaning, such that the term OCCASIONS has become synonymous in the mind of the bridal industry and public with JLM's bridesmaid/bridal party business, submerging the primary meaning of the word in favor of its meaning as a word identifying JLM lines.

21. Consequently, the good will now associated with the JIM HJELM OCCASIONS® and OCCASIONS® trademarks is invaluable.

### DEFENDANTS DELIBERATE ATTEMPT TO USURPASS JLM'S VALUABLE GOOD WILL IN ITS BRANDS

22. Defendant has misappropriated JLM's OCCASIONS® trademark to identify a line of defendant's bridal party dresses as "Christina Wu Occasions". (A copy of the page of defendant's website featuring "Christina Wu Occasions" is annexed hereto as Exhibit D.)

23. By the wrongful use and co-opting of OCCASIONS® trademarks, Defendant is deliberately intending to associate their goods with JLM's highly successful OCCASIONS® collections and the trademarks that identify them, by aggressively advertising

4

"Christina Wu Occasions" garments in industry publications including the Knot (Winter 2014), Brides (April/May 2015), Vows (November/ December 2014, January/February 2015, March/April 2015).

24. Each of the above publications have frequently been used by JLM to advertise their Occasions Brands.

25. Christina Wu Occasions has also adopted a cursive front dipicting the term "Occasions", in a manner substantially similar to that used by JLM to represent its "Occasions" brands (A side by side comparison of the JLM trademarked brand and House of Wu's wrongful imitation are annexed as Exhibit E).

26. Upon Information and belief, House of Wu attends fashion shows, bridal markets, and other industry events to promote the "Christina Wu Occasions" Collection.

27. Thus, by (i) advertising in industry publications using JLM's marking; (ii) branding House of Wu's line in such a way to be identified by the bridal industry and consuming public as potentially being associated with JLM; (iii) parading Christina Wu Occasions line ("Occasions") at industry events; (iv) associating JLM's OCCASIONS® brand with defendant's lesser quality, lower cost, line of goods; and (v) by exploiting JLM's registered mark on their website, defendant has been engaged, and continues to use the "Occasions" Marks, in commerce, in a deliberate attempt to capitalize on, and usurp, JLM's valuable good will in the OCCASIONS® trademark.

## CONFUSION IN THE MARKETPLACE AND DAMAGE TO JLM'S TRADEMARKS

28. Defendants' "Christina Wu Occasions" line is already being featured in the bridal press side by side with JLM Occasions goods.

29. The presence in the market of another line of gowns and bridesmaid

5

dresses using the protected mark "Occassions" is likely to cause, and JLM believes has already caused a diminution in the perceived uniqueness and quality of the JLM's OCCASIONS® brand and the value of JLM's good will in the long standing, registered trademarks.

30. The presence of an unauthorized line of bridal party and other party dresses called "Christina Wu Occasions" implies association with JLM's OCCASIONS® trademark and is likely to cause, and JLM believes has already caused, confusion as to source or sponsorship of genuine JLM's OCCASIONS® goods and/or the affiliation between such genuine OCCASIONS® goods and the inferior goods manufactured and sold by defendant.

31. The presence in the market of a line of goods called "Christina Wu Occasions" and/or other unauthorized line of bridal party and other party dresses associated with JLM's OCCASIONS® trademark, is likely to cause, and JLM believes has already caused, a diminution in the perceived uniqueness and quality of the OCCASIONS® brand and the value of JLM's good will in its trademarks.

32. Irreparable damage to JLM's OCCASIONS® brand will also be caused by the likelihood that retailers, which have not previously had access to JLM's OCCASIONS® brands, including internet retailers, will now buy defendant's garments advertised as being "Occasions," in an attempt to capitalize on the success and goodwill associated with JLM's genuine goods. This would add to the confusion now occurring in the marketplace, further diminish JLM's good will in its OCCASIONS® brands, cannibalize JLM's sales, and damage JLM's relationships with its retailer-customers.

33. Confusion among brides and potential brides, is also likely, and in fact JLM believes that consumers have already mistakenly identified defendant's "Occasions" line

as extensions of JLM's OCCASIONS® collections.

## FIRST CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT in Violation of 15 U.S.C. § 1114)

34. JLM repeats and realleges the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. Defendant, without the consent of JLM, has caused to be manufactured, distributed, offered for sale, and/or sold in commerce, wedding and/or bridesmaids gowns, under unauthorized reproductions of JLM's OCCASIONS® trademarks. Such goods are directed and targeted at the same group of ultimate consumers as are JLM' goods.

36. The aforementioned acts of defendant are likely to cause, and have caused, confusion and mistake among consumers that (a) such bridesmaid and bridal party dresses originate with JLM, (b) there is some affiliation, connection or association between defendant and/or its goods and JLM, and/or (c) defendant's goods are being offered to consumers with the sponsorship and/or approval of JLM. JLM has been, and will continue to be, substantially and irreparably injured as a result of defendant's conduct.

37. The aforementioned acts of defendant's are likely to cause, and have caused, purchasers of JLM's OCCASIONS® goods to change their buying decisions to the detriment of JLM and JLM has been, and will continue to be, substantially injured as a result.

38. The aforementioned acts of defendant's were willful and intentional and were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products, and to gain for defendant's the benefit of the enormous good will associated with JLM's OCCASIONS® trademark.

39. Defendant has engaged in trademark infringement in violation of 15

U.S.C. § 1114.

40. Defendant's misconduct has injured JLM financially in an amount to be determined at trial. Defendant's misconduct also has caused and will continue to cause irreparable injury to JLM, for which JLM has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (SECTION 43(a) of the LANHAM ACT: UNFAIR COMPETITION 1125(1))

41. JLM repeats and realleges the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. Defendant has made use of the OCCASIONS® trademarks, and/or other words, terms, names symbols or devices, or any combination thereof, false designations of origin, false or misleading depiction of fact, or false or misleading representations of fact which are likely to cause confusion and mistake among consumers that (a) defendant's goods originated with JLM; (b) there is some affiliation, connection or association between defendants and/or defendant's goods and JLM; (c) defendant's goods are being offered to consumers with the sponsorship and/or approval of JLM; and/or (d) defendant's are the source of JLM's OCCASIONS® garments in violation of 15 U.S.C. § 1125(a)(1)(A).

43. The aforementioned acts of defendant's are likely to cause, and have caused, purchasers and potential purchasers of JLM's OCCASIONS® goods, to alter their buying decisions to the detriment of JLM and JLM has been, and will continue to be, substantially injured as a result.

44. Defendant's misconduct has injured JLM in an amount to be determined at trial. Defendant's misconduct also has caused and will continue to cause irreparable injury to JLM, for which JLM has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (FALSE ADVERTISING in Violation of 15 U.S.C. § 1125(1))

45. JLM repeats and realleges the allegations set forth in paragraphs 1 through 44 above as if fully set forth herein.

46. Defendants have made use of false advertising and/or false or misleading representations of fact which will cause confusion and mistake among the consuming public that (a) defendant's goods emanate from, or are otherwise associated with, JLM; and/or (b) defendant is the source of JLM's OCCASIONS® goods and/or (c) which misrepresents the origin and/or nature of defendant's goods in violation of 15 U.S.C. § 1125(a)(1)(B).

47. The aforementioned acts of defendant are likely to cause, and have caused, purchasers and potential purchasers of JLM's OCCASIONS® goods to change their buying decisions to the detriment of JLM and JLM has been, and will continue to be, substantially injured as a result.

48. Defendant's misconduct has injured JLM in an amount to be determined at trial. Defendant's misconduct also has caused and will continue to cause irreparable injury to JLM, for which JLM has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (DILUTION OF JIM HJELM® TRADEMARK in Violation of 15 U.S.C. § 1125(c))

49. JLM repeats and realleges the allegations set forth in paragraphs 1 through 48 above as if fully set forth herein.

50. Defendants have made use of the JLM's famous OCCASIONS® mark and confusingly similar derivations thereof in to describe and/or identify their goods which will cause confusion and mistake among the consuming public that Defendants' goods originate from, or are otherwise associated with, JLM; and/or Defendants are the source of

JLM's OCCASIONS® goods.

51. The use by defendants of the term "Occasions" in association with the marketing and sale of its "Christina Wu Occasions" bridesmaids apparel is likely to dilute the quality of JLM's distinctive and famous "Jim Hjelm Occasions" and "Occasions" trademarks by diminishing the capacity of JLM to identify and distinguish JLM's bridal and bridesmaids apparel, in violation of 15 U.S.C. §1125(c).

52. The aforementioned acts of Defendants are likely to cause, and have caused, purchasers and potential purchasers of JLM's OCCASIONS® goods to change their buying decisions to the detriment of JLM and JLM has been, and will continue to be, substantially injured as a result.

53. Defendants' misconduct has injured JLM in an amount to be determined at trial. Defendants' misconduct has also caused and will continue to cause irreparable injury to JLM, for which JLM has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

54. JLM repeats and realleges the allegations set forth in paragraphs 1 through 35 above as if fully set forth herein.

55. As a result, of the allegations set forth above, defendant has engaged in trademark infringement and unfair competition in violation of the common law of the State of New York.

56. Defendant's misconduct has injured JLM in an amount to be determined at trial. Defendant's misconduct also has caused, and will continue to cause, irreparable injury to JLM, for which JLM has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (DILUTION OF JIM HJELM® TRADEMARK in Violation of NY- GBL §349, 350 and 360)

57. JLM repeats and realleges the allegations set forth in paragraphs 1 through 56 above as if fully set forth herein.

58. The use by defendant of the term "Occasions" in association with their Christina Wu goods is a deceptive act and is likely to dilute the quality of JLM's distinctive and famous trademark by diminishing the capacity of the OCCASIONS® trademark and logo to identify and distinguish JLM's bridal gowns and bridal party apparel in violation of New York General Business Law (GBL) §349.

59. The aforementioned acts of defendant constitute false advertising and are likely to cause, and have caused, purchasers and potential purchasers of JLM's OCCASIONS® goods, to change their buying decisions to the detriment of JLM in violation of GBL §350 and JLM has been, and will continue to be, substantially injured as a result.

60. Defendant's misconduct has injured JLM in an amount to be determined at trial. Defendant's misconduct has also caused, and will continue to cause, irreparable injury to JLM for which JLM has no adequate remedy at law.

**WHEREFORE**, JLM demands that a judgment be entered granting the following relief:

i. Preliminarily and permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a) Imitating, copying or using any unauthorized reproduction, copy, counterfeit or colorable imitation of JLM's registered trademark, including but not limited to JIM HJELM

OCCASIONS® trademark, Registration No. 1,961,002 or to the "Occasions" ® trademark, registration numbers 2,879,859, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product or service including those marketed and labeled as "Christina Wu Occasions" in such manner as to relate or connect, or tend to relate or connect, such product or service in any way with Jim Hjelm OCCASIONS®, or Occasions or JLM or to any goods or services sold, sponsored, approved by, or connected with or JLM;

    (b) Engaging in any other activity including the manufacture, sale, marketing and advertising of "Christina Wu Occasions" line, or other activity constituting unfair competition with JLM, or constituting an infringement of OCCASIONS® trademark or of JLM' rights in, or its exclusive right to use or exploit such marks, or constituting dilution of the OCCASIONS® mark, including, but not limited to, JLM' mark Registration Nos. 1,961,002 and/or 2,879,859 and the reputation and the good will associated with that mark;

    (c) making any statement or representation whatsoever, with respect to any goods or services, including, or related to the sale or marketing of "Christina Wu Occasions" that falsely designates the origin of the goods or services as JLM's "OCCASIONS"® brands, or otherwise as being goods or services of or approved by JLM, or that is false or misleading with respect to the OCCASIONS® trademarks and/or JLM;

    (d) using or authorizing the use of the name "Occasions", or any component part thereof, and/or any trademark based on or derived therefrom, in conjunction with the design, manufacture, marketing or sale of any clothing, related items, including the "Christina Wu Occasions" line, or services related to same and/or in conjunction with any business competitive with that of JLM, including without limitation, in advertisement press releases, interviews, or in

any way in the connection with the identification or attribution of any bridal wear designed by or under the auspices of JLM;

(e) engaging in any other activity, including the effectuation of assignments or transfers of its interests in reproductions, copies, counterfeit or colorable imitations of OCCASIONS® trademark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through (e) above.

ii. Directing that Defendants deliver for destruction all products, labels, tags, artwork, prints, signs, packages, boxes, dies, wrappers, receptacles, advertisements, video, and electronic media in their possession, custody or control bearing infringements of JLM's OCCASIONS® trademarks and/or any reproductions, copies, counterfeit or colorable imitations thereof, including all plates, molds, matrices and other means of making such imitations of JLM's JIM HJELM ®, JIM HJELM OCCASIONS®, OCCASIONS® trademarks.

iii. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product or services at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by JLM or is related to or associated in any way with JLM's products or services.

iv. Awarding JLM all damages sustained by JLM as a result of Defendants' wrongful acts, and directing that such damages be trebled, since Defendants' acts were willful.

v. Requiring Defendants to account and pay over to JLM all profits realized by their wrongful acts and directing that such profits be trebled, since Defendants' acts were

willful.

  vi.  Requiring Defendants to pay for corrective advertising and publicity necessary to correctly identify JLM as the only source of goods and/or services for JLM Hjelm Occasions and OCCASIONS® brand goods and services.

  vii.  Awarding JLM its costs and reasonable attorneys' and investigatory fees and expenses, together with prejudgment interest.

  viii.  Awarding JLM such other and further relief as the Court deems just and proper.

Dated: September 30, 2015
   Huntington, New York

         CRACO & ELLSWORTH, LLP

         By: _____
          Paul V. Craco
          7 High Street, Suite 200
          Huntington, NY 11743
          631.271.5000
          *Counsel for Plaintiff*
           *JLM Couture, Inc.*